KELLY, Judge.
Barbara Anne Ratliff appeals the judgment and sentence imposed following her no contest plea to keeping or maintaining a public nuisance in violation of section 823.10, Florida Statutes (2008).[1] Because Ratliffs conduct did not violate the portion *919 of section 823.10 that criminalizes maintaining a public nuisance, we reverse.
The State charged Ratliff with keeping or maintaining a “dwelling/structure” used for selling, distributing, or ingesting illegal substances in violation of section 823.10, which provides:
(1) Any store, shop, warehouse, dwelling house, building, structure, vehicle, ship, boat, vessel, or aircraft, or any place whatever, which is visited by persons for the purpose of unlawfully using any substance controlled under chapter 893 or any drugs as described in chapter 499, or which is used for the illegal keeping, selling, or delivering of the same, shall be deemed a public nuisance. No person shall keep or maintain such public nuisance or aid and abet another in keeping or maintaining such public nuisance. Any person who willfully keeps or maintains a public nuisance or willfully aids or abets another in keeping or maintaining a public nuisance, and such public nuisance is a warehouse, structure, or building, commits a felony of the third degree, punishable as provided in s.775.082, s.775.083, or s.775.084.
(2) Any proceeding brought under this section shall be governed by chapter 60.
(Emphasis supplied). Ratliff moved to strike or dismiss the information[2] claiming that the information failed to state a crime because a dwelling is specifically excluded from the part of section 823.10 which criminalizes the maintaining of a public nuisance. The State stipulated that the structure at issue was in fact a dwelling. The trial court denied Ratliffs motion based on the State’s argument that because a dwelling is a structure or, alternatively, a building it is subject to the criminal provision in the statute.
For the State’s argument to prevail here, we would have to read the last sentence of subsection (1) in isolation. However, we are required to read it within the context of the entire subsection in order to ascertain legislative intent. See Lamar Outdoor Advertising-Lakeland v. Dept. of Transp., 17 So.3d 799, 802 (Fla. 1st DCA 2009). Further, each statute “must be read as a whole with meaning ascribed to every portion and due regard given to the semantic and contextual interrelationship between its parts.” Id. (quoting Dept. of Envtl. Prot. v. ContractPoint Fla. Parks, LLC, 986 So.2d 1260, 1265 (Fla.2008)). The second portion of section 823.10(1), which criminalizes keeping or maintaining a public nuisance, mentions only a “warehouse, structure, or building,” while the first portion of the statute, which explains what constitutes a “public nuisance,” lists “store, shop, warehouse, dwelling house, building, structure, vehicle, ship, boat, vessel, or aircraft, or any place whatever.” This indicates that the legislature intended to consider “dwelling house,” “building,” and “structure” separately. See id. Because the statute prohibits the public nuisance in a “warehouse, structure, or building” and it is undisputed that the subject of this case was a dwelling, the statute does not apply to Ratliffs conduct. Accordingly, we reverse Ratliffs judgment and sentence and remand for the trial court to enter an order of dismissal.
Reversed and remanded.
WHATLEY and KHOUZAM, JJ., Concur.

. Ratliff also entered a nolo contendere plea to sale of methamphetamme in a separate case. Ratliff does not challenge that judgment or sentence.

. The trial court apparently treated Ratliff’s motion to strike the information as a motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4).